THE PEOPLE OF THE STATE OF NEW YORK, on the Relation of the MANHATTAN RAILWAY COMPANY, Respondent, v. MICHAEL COLEMAN, EDWARD C. DONNELLY and THOMAS L. FEITNER, Commissioners of Taxes and Assessments of the City of New York, Appellants

*Certiorari to vacate an assessment in New York city — what grounds will justify its being vacated — "the equal protection of the laws," right thereto, when the question may be raised — stay of collection of a tax.*

The relator having applied to the commissioners of taxes to vacate an assessment of its personal property, on the ground that the relator had invested a large portion thereof in United States bonds, and an examination having been had before such commissioners, under section 820 of chapter 410 of the Laws of 1882, and the application having been rejected, the relator obtained a writ of certiorari, under chapter 269 of 1880, to be relieved from the assessment of its personal property, in support of which writ it was alleged that the assessment was illegal; and, also, that it was made upon a valuation exceeding that adopted for the assessment of other similar property in the city of New York. An application for a reference to take further proof in this proceeding was resisted by the commissioners, upon the ground that by chapter 311 of the Laws of 1885, amending the aforesaid act of 1882, a writ of certiorari could not issue to correct an alleged inequality in the assessment.

It was claimed, on the part of the relator, that this act was in violation of section 1 of article 14 of the Constitution of the United States, inasmuch as that section declared that no State shall deny to any person within its jurisdiction the equal protection of its laws.

*Held,* that this question could not be presented on an application of this description, as the evidence upon which the objection was taken to the statute was no part of the case. It seems that, as this amendatory act was applicable to all assessments in the city of New York, it was not open to this objection.

By another portion of the order of reference a stay of the collection of forty per cent of the tax, imposed upon the relator in consequence of the assessment, was granted.

*Held,* that this stay was entirely without authority; that as the writ was issued under the act of 1880, it was subject to all the restraints mentioned therein, one of which was that a writ of certiorari, allowed under that act, should not stay the proceedings of assessors, or other persons to whom it is directed, or to whom the assessment-roll may be delivered.

That the authority given for a stay by section 2131 of the Code of Civil Procedure is inapplicable to these proceedings in consequence of the prohibition contained in the act of 1880.

That the procedure by which the return of any excess of payment could be obtained, provided for in the act of 1880, was conclusive upon this question; and that so much of the order as provided for the stay should be reversed.

Appeal by the commissioners of taxes and assessments from an order directing a reference to take proofs and to return them to the court, entered under a writ of *certiorari,* issued pursuant to chapter 269 of the Laws of 1880, and granting a stay of proceedings.

*George S. Coleman,* for the appellants.

*Julien T. Davies,* for the respondent.

Daniels, J. :

The relator has sued out and prosecuted this writ of *certiorari* to be relieved from the assessment of its personal property, for the purpose of taxation. An application was made to the commissioners to vacate the assessment, on the ground that the relator had invested $26,827,500 in United States bonds. And an examination was had before them, under section 820 of chapter 410 of the Laws of 1882, and upon the facts elicited by that examination the application of the relator was rejected.

In support of the writ it had been alleged that the assessment was illegal, and, also, that it was made upon a valuation exceeding that adopted for the assessment of other similar property in the city of New York. An application was made to the court at Special Term for a reference to take further proof establishing the alleged illegality and excessive assessment. This application was resisted on behalf of the respondents, for the reason that the examination before the commissioners had been quite extended, and the objection of inequality in the assessment could not be raised by the relator. The latter objection was placed upon the language of chapter 311 of the Laws of 1885, amending section 821 of chapter 410 of the Laws of 1882. By this amendment the ground upon which a writ of *certiorari,* to review or correct an assessment, may be issued in the city of New York is that of alleged illegality or overvaluation. On the part of the relator, however, it has been objected that this act is a violation of section 1, article 14 of the Constitution of the United States, so far as it has declared that no State shall deny to any person within its jurisdiction the equal protection of its laws. Whether this amendatory act is liable to this objection, inasmuch as it has been made applicable to all assessments

in the city of New York, is certainly, to say the least of it, a matter of very great doubt. But on an application of this description that doubt should not be solved, for the evidence upon which the objection has been taken to the act is no part of the case, and the hearing before the referee to obtain it cannot be either prolonged or extensive. Neither should the relator be deprived of giving further evidence, if it shall be able to do so, concerning the alleged investment made in United States bonds. For these reasons the reference itself cannot be held to have been so entirely unwarranted as to require or justify a reversal of this part of the order.

But by another portion of the order which was made, a stay of the collection of forty per cent of the tax imposed upon the relator in consequence of the assessment was made. This stay was entirely without authority, for, as the writ was issued under the act of 1880, it was subject to all the restraints mentioned in that act. And one of those restraints is that declared by section 2 of the act, that " a writ of *certiorari*, allowed under this act, shall not stay the proceedings of assessors or other persons to whom it is directed, or to whom the assessment-roll may be delivered, to be acted upon according to law." The stay is stated to have been made, not under the authority of this act, but under that of the Code of Civil Procedure. But the authority given for a stay by section 2131 of the Code is inapplicable to this proceeding in consequence of the prohibition contained in the act of 1880. And this construction, if it needs any authority whatever, is supported by *People* v. *Assessors of Greenburgh* (106 N. Y., 671).

The order further provided that a stipulation should be entered into on behalf of the respondents for the return to the relator of so much of the money as was directed to be paid as the condition of the stay in case it should, in the end, exceed the tax which the relator was liable to pay. By section 8 of chapter 269 of the Laws of 1880, the proceeding has been provided for and defined, through which the return of any excess of payment shall be obtained, and that proceeding, as the act has created and defined it, seems to be exclusive.

So much of the order, therefore, as required the stipulation, and provided for the refunding of the money, was also unauthorized and cannot be supported. As to the reference ordered to take

proof, the order should be affirmed, but in all other respects it should be reversed, without costs to either party.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order modified as directed in opinion, without costs.