PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. MATTHIAS et al., Town Assessors.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

1. TAXATION—OVERVALUATION — RETURN OF HIGHWAY TAXES—LIABILITY OF TOWN.

Tax Law, Laws 1896, p. 884, c. 908, § 256, provides for the return of taxes paid on an illegal or unequal assessment, and declares that the board of supervisors shall audit and allow to the petitioner, and include in the tax levy of such town, village, or city next made, the amount paid by him in excess of what the tax would have been if the assessment had been made as determined by the order of the court; that, if the amount deducted from the assessment exceeds $10,000, the amount of such excess which was collected for town, village, or city purposes shall be levied on such town, village, or city by the supervisors, but the balance shall be levied on the county at large, and paid to the petitioner without further audit. *Held* that, where a railroad assessment was reduced on certiorari proceedings by an amount exceeding $10,000, a tax collected for the improvement of highways was "for a town purpose," the excess of which the town was liable to refund.

2. SAME—SCHOOL TAXES.

Since school taxes are assessed by the school trustees of the various school districts separately, and a railroad company whose assessment was illegally increased paid taxes only in 5 out of 12 districts in a town, such taxes were not assessed for a town purpose, and hence, where the excess of the assessment amounted to over $10,000, the county, and not the town, was liable for the refundment of such taxes, as required by the tax law, Laws 1896, p. 884, c. 908, § 256.

3. SAME—BOUNDARIES OF TOWN—CHANGE.

The fact that, after the payment of a tax on an illegal valuation, the boundaries of the town were changed and a part thereof annexed to a city, did not relieve the town from its liability to refund its proportion of such taxes.

4. SAME—DETERMINATION OF REFUND.

Since under the tax law, Laws 1896, p. 884, c. 908, § 256, requiring refundment of taxes illegally collected, the amount to be refunded is in

part reassessed, to the payment of which tax the objecting taxpayers' property must contribute, the amount of refund by reason of an overvaluation of assessment is to be determined by finding the difference between the taxes which would have been levied at the tax rate of the particular year on the original and corrected valuation.

Chase, J., dissenting in part.

Appeal from Special Term, Montgomery County.

Certiorari by the people, on relation of the New York Central & Hudson River Railroad Company, against James Matthias and others, as assessors of the town of Amsterdam, Montgomery county, to review a tax assessment. From an order and judgment in favor of relator, as amended, defendants appeal. Modified.

The proceeding is upon a writ of certiorari to review an assessment, upon the allegation that the same is unequal. The property of the relator was assessed by the town assessors at $675,000. By the order and judgment made, this assessment was reduced to $529,120.27. At the tax rate of the year 1898, for which year the assessment was challenged, the difference in the taxes as required and paid and the tax which would have been assessed upon the valuation as corrected amounted, for state and county purposes, to $990.11; for highway purposes, $243.13; and for school purposes, $161.78. These taxes thus improperly exacted the court directed should be repaid, the $990.11 by the county of Montgomery, and the highway and school taxes by the town of Amsterdam. After the entry of the final order or judgment the defendants moved to amend the judgment in certain particulars, which motion was denied, except that the judgment was amended by inserting a recital as to the reading of a certain affidavit, and the recital that the granting of the order or judgment was opposed. In other respects the judgment was upheld. From this final order or judgment, as well as from the final order or judgment as amended, this appeal is taken.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Henry V. Borst, for appellants.
J. D. Wendell, for respondent.

SMITH, J. The finding of overvaluation and of the amount thereof is not here questioned. The appellants' objections here urged are purely legal objections.

1. The final order is challenged for requiring the return to the relator by the town of Amsterdam of the excess of moneys paid for highway taxes and school taxes under the improper assessment. Section 256 of the tax law, chapter 908, p. 884, of the Laws of 1896, assumes to make provision for the return of a tax paid upon an illegal, erroneous, or unequal assessment. It is there provided that the board of supervisors shall audit and allow to the petitioner, and include in the tax levy of "such town, village or city next made the amount paid by him in excess of what the tax would have been if the assessment had been made as determined by such order of the court, together with interest thereon from the date of payment." It is further provided in this section that, in case the amount deducted from the assessment exceeds $10,000, then the amount of such excess which was collected for such town, village, or city purposes shall, by the board of supervisors, be levied upon such town, village, or city, but that the balance shall be levied upon the county at large, and paid to the peti-

tioner without further audit.   Under the direction of this statute, then, so much of the tax as was collected for town purposes was properly directed to be refunded by the town, and all the balance of such excess of money paid by the relator was to be refunded by the county.   The question of the equity of this provision is not before the court.   This statute assumes to provide for all cases where an assessment has been declared illegal or erroneous.   See Kendall v. Feitner, 51 App. Div. 196, 64 N. Y. Supp. 675; People v. Coleman (Sup.) 1 N. Y. Supp. 112. If the reduction of the assessment be less than $10,000, then the town is required to pay back to the relator in full the excess of tax paid, although part of such excess, and perhaps the larger part, went for other than town purposes.   If the reduction of the assessment exceeds $10,000, the town is to repay the amount of such excess which was devoted to town purposes, and the county is required to refund the balance.   Such is the direction of the statute, and it only remains for the court to determine whether this highway tax and this school tax were collected for town purposes.

That the highway tax was collected for a town purpose would seem to me undoubted.   The duty of maintaining the highways is a duty devolving upon the town.   The moneys collected for the maintenance of the highways are distributable generally in the town as the highway commissioner or commissioners may see fit.   This corporation, for highway purposes, is assessable in any district of the town as the highway commissioner may direct, and I am unable to see any reason why the moneys for the highway tax are not moneys paid for and devoted to a town purpose.

As to the school taxes, however, a different question arises.   The school tax is assessed by the school trustees of the various school districts in the town separately.   In the town in question, the relator paid taxes in five out of twelve districts.   Seven of these twelve districts received no part of the moneys which are, by the judgment, directed to be refunded by the town.   In certain cases, after the assessment roll has been made up in these various districts, a party assessed may question before the trustees the legality or the amount of his assessment.   As to a railroad corporation passing through several school districts, however, this question cannot be raised before the school trustees, because the valuation is made by the town assessors in the town, and by the town assessors apportioned between the different school districts.   See section 39, Tax Law.   A tax paid for school purposes is no more a tax paid for a town purpose than for a county purpose.   Under the direction of the statute, therefore, inasmuch as the reduction is more than $10,000, the overpayment of tax for school purposes must be refunded by the county, and not by the town, and in this respect we think the final order was erroneous.

2. The appellants further object to the direction of the final order that the town of Amsterdam repay these taxes, on the ground that, since the payment of the tax in 1898, part of the town has been taken and annexed to the city of Amsterdam; that upwards of $306,000 of assessable property has been removed from the town, and that the city of Amsterdam should therefore bear a proportion of this burden.   It might be answered that this refunding is by direction of the statute,

which has failed to provide for contribution by any part of a town which has been removed from the corporation. It would be still more unjust that a large part of the city of Amsterdam, having been benefited in no way by these taxes erroneously collected, should be required to repay any part thereof. Moreover, the statute expressly provides that "all debts, dues and other obligations owing by said school district number 9 of the town of Amsterdam on 31 July, 1901, are hereby declared to be debts, dues and obligations of said remaining portion of said school district No. 9 of the town of Amsterdam not hereby annexed to the city of Amsterdam." See chapter 309, p. 819, Laws 1901. This provision would seem to negative any intent upon the part of the Legislature to transfer to the city of Amsterdam any liability with which the portion of the town of Amsterdam annexed might be burdened.

3. The appellants further object to the rule of computation by which the court reached the amount of taxes directed to be refunded. The rate of tax in 1898 was .00672. Applying this rate to the original valuation and to the corrected valuation, the difference in the results is the amount directed to be refunded. The statute recites that there be returned to the petitioner "the amount paid by him in excess of what the tax would have been if the assessment had been made as determined by such order of the court, together with interest thereon from the date of payment." The contention of the appellants is that by this reduced assessment the aggregate valuation of assessable property in the town would also be reduced, and the tax rate would therefore be higher; so that the difference in the assessment as first made, with the rate then adopted, and the corrected assessment, with the rate changed as claimed it should be, would be somewhat less than the amount ordered refunded. We think, however, that the court was clearly right in the rule adopted. The amount to be refunded is in part reassessed upon the town, to which the property of the relator must contribute, as well as the other property; and the provision of the statute quoted must mean that the relator is entitled to repayment of the amount paid by him in excess of what the tax would have been, if the assessment had been made as determined by such order of the court, at the rate at which the assessment was actually made. The statute as thus construed works out complete equity both to the relator and the town.

The final order should therefore be modified so as to provide that the supervisors shall levy the amount of excess of taxes paid to the school districts upon the county at large instead of the town of Amsterdam, and as thus modified the order should be affirmed, without costs to either party.

All concur, except CHASE, J., who dissents in so far as the modification requires the refunding of any part of the school taxes.