THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent, *v.* JAMES MATTHIAS and Others, as Assessors of the Town of Amsterdam, Montgomery County, New York, Appellants.

*Refunding of a tax ordered in certiorari proceeding — proper apportionment between county and town — incorporation of a part of the town into an adjoining city — amount to be refunded, how ascertained.*

Where, in a certiorari proceeding to review an assessment made by the assessors of the town of Amsterdam on the ground that it is unequal, the court reduces the assessment by deducting therefrom an amount in excess of $10,000, and it appears that a part of the tax thus improperly collected was levied for State

PEOPLE ex rel. N. Y. C., ETC., CO. *v.* MATTHIAS.   123

App. Div.]      Third Department, May Term, 1903.

and county purposes and another part for highway purposes and the remaining part for school purposes, the court, under section 256 of the Tax Law (Laws of 1896, chap. 908), should direct that the taxes improperly collected for highway purposes be refunded by the town, and that the amount improperly collected for State and county purposes and for school purposes be refunded by the county.

The fact that, since the payment of the taxes in question, a part of the town of Amsterdam has been annexed to the city of Amsterdam, does not make it improper for the court to require all of the taxes improperly collected for town purposes to be refunded by the present town of Amsterdam.

In determining the amount of taxes improperly collected, it is proper for the court to take the corrected assessment and multiply it by the rate of tax established for the year in question, notwithstanding that if the assessment had been originally made at the figure fixed by the court the rate of tax would have been somewhat higher.

Chase, J., dissented.

Appeal by the defendants, James Matthias and others, as assessors of the town of Amsterdam, Montgomery county, New York, from a judgment of the Supreme Court in favor of the relator, entered in the office of the clerk of the county of Montgomery on the 19th day of August, 1902, upon the report of a referee, as amended by an order entered in said clerk's office on the 10th day of October, 1902.

The proceeding is upon a writ of certiorari to review an assessment upon the allegation that the same is unequal. The property of the relator was assessed by the town assessors at $675,000. By the order and judgment made this assessment was reduced to $529,120.27. At the tax rate of the year 1898, for which year the assessment was challenged, the difference in the taxes as required and paid, and the tax which would have been assessed upon the valuation as corrected, amounted, for State and county purposes, to $990.11; for highway purposes, $243.13, and for school purposes, $161.78. These taxes, thus improperly exacted, the court directed should be repaid, the $990.11 by the county of Montgomery, and the highway and school taxes by the town of Amsterdam. After the entry of the final order or judgment the defendants moved to amend the judgment in certain particulars, which motion was denied, except that the judgment was amended by inserting a recital as to the reading of a certain affidavit, and the recital that the granting of the order or judgment was opposed. In other respects

124   PEOPLE ex rel. N. Y. C., ETC., CO. v. MATTHIAS.

THIRD DEPARTMENT, MAY TERM, 1903.                [Vol. 84.

the judgment was held.   From this final order or judgment, as well as from the final order or judgment as amended, this appeal is taken.

*Henry V. Borst*, for the appellants.

*J. D. Wendell*, for the respondent.

SMITH, J.:

The finding of overvaluation and of the amount thereof is not here questioned.   The appellants' objections here urged are purely legal objections.

*First.* The final order is challenged for requiring the return to the relator by the town of Amsterdam of the excess of moneys paid for highway taxes and school taxes under the improper assessment.   Section 256 of the Tax Law (Laws of 1896, chap. 908) assumes to make provision for the return of a tax paid upon an illegal, erroneous or unequal assessment.   It is there provided that the board of supervisors shall audit and allow to the petitioner and include in the tax levy of " such town, village or city made next after the entry of such order   *   *   *   the amount paid by him (the relator) in excess of what the tax would have been if the assessment had been made as determined by such order of the court, together with interest thereon from the date of payment."   It is further provided in this section that in case the amount deducted from the assessment exceeds $10,000 then the amount of such excess which was collected for such town, village or city purposes shall, by the board of supervisors, be levied upon such town, village or city, but that the balance shall be levied upon the county at large and paid to the petitioner without further audit.   Under the direction of this statute, then, so much of the tax as was collected for town purposes was properly directed to be refunded by the town, and all the balance of such excess of money paid by the relator was to be refunded by the county.   The question of the equity of this provision is not before the court.   This statute assumes to provide for all cases where an assessment has been declared illegal, unequal or erroneous.   (See *People ex rel. Kendall* v. *Feitner*, 51 App. Div. 196; *People ex rel. Manhattan R. Co.* v. *Coleman*, 48 Hun, 602; 1 N. Y. Supp. 112.)   If the reduction of the assessment be less than $10,000, then the town is required

to pay back to the relator in full the excess of tax paid, although part of such excess, and perhaps the larger part, went for other than town purposes.   If the reduction of the assessment exceeds $10,000, the town is to repay the amount of such excess which was devoted to town purposes, and the county is required to refund the balance.   Such is the direction of the statute, and it only remains for the court to determine whether this highway tax and this school tax were collected for town purposes.

That the highway tax was collected for a town purpose would seem to me undoubted.   The duty of maintaining the highways is a duty devolving upon the town.   The moneys collected for the maintenance of the highways are distributable generally in the town as the highway commissioner or commissioners may see fit. This corporation, for highway purposes, is assessable in any district of the town as the highway commissioner may direct, and I am unable to see any reason why the moneys for the highway tax are not moneys paid for and devoted to a town purpose.

As to the school taxes, however, a different question arises.   The school tax is assessed by the school trustees of the various school districts in the town separately.   (See Laws of 1894, chap. 556, tit. 7, § 62 *et seq.*)   In the town in question the relator paid taxes in five out of twelve districts.   Seven of these twelve districts received no part of the moneys which are by the judgment directed to be refunded by the town.   In certain cases, after the assessment roll has been made up in these various districts, a party assessed may question before the trustees the legality or the amount of his assessment.   (See Laws of 1894, chap. 556, tit. 7, §§ 64, 65.)   As to a railroad corporation passing through several school districts, however, this question cannot be raised before the school trustees because the valuation is made by the town assessors in the town, and by the town assessors apportioned between the different school districts. (See Tax Law, § 39.)   A tax paid for school purposes is no more a tax paid for a town purpose than for a county purpose.   Under the direction of section 256 of the Tax Law, therefore, inasmuch as the reduction is more than $10,000, the overpayment of tax for school purposes must be refunded by the county and not by the town, and in this respect we think the final order was erroneous.

*Second.*   The appellants further object to the direction of the

final order that the town of Amsterdam repay these taxes on the ground that since the payment of the tax in 1898, part of the town has been taken and annexed to the city of Amsterdam; that upwards of $306,000 of assessable property has been removed from the town and that the city of Amsterdam should, therefore, bear a proportion of this burden. It might be answered that this refunding is by direction of section 256 of the Tax Law, which has failed to provide for contribution by any part of a town which has been removed from the corporation. It would be still more unjust that a large part of the city of Amsterdam, having been benefited in no way by these taxes, erroneously collected, should be required to repay any part thereof. Moreover, the statute annexing said town to the city of Amsterdam expressly provides that "all debts, dues and other obligations owing by said school district number nine of the town of Amsterdam on July thirty-first, nineteen hundred and one, are hereby declared to be debts, dues and obligations of said remaining portion of said school district number nine of the town of Amsterdam not hereby annexed to the city of Amsterdam." (See Laws of 1901, chap. 309, § 3.) This provision would seem to negative any intent upon the part of the Legislature to transfer to the city of Amsterdam any liability with which the portion of the town of Amsterdam annexed might be burdened.

*Third.* The appellants further object to the rule of computation by which the court reached the amount of taxes directed to be refunded. The rate of tax in 1898 was .00672. Applying this rate to the original valuation and to the corrected valuation, the difference in the results is the amount directed to be refunded. Section 256 of the Tax Law recites that there shall be returned to the petitioner "the amount paid by him in excess of what the tax would have been if the assessment had been made as determined by such order of the court, together with interest thereon from the date of payment." The contention of the appellants is that by this reduced assessment the aggregate valuation of assessable property in the town would also be reduced, and the tax rate would, therefore, be higher, so that the difference in the assessment as first made with the rate then adopted and the corrected assessment with the rate changed as claimed it should be, would be somewhat less than the amount ordered refunded. We think, however, that the court was clearly

right in the rule adopted. The amount to be refunded is in part reassessed upon the town to which the property of the relator must contribute, as well as the other property, and the provision of said section 256 quoted must mean that the relator is entitled to repayment of the amount paid by it in excess of what the tax would have been if the assessment had been made as determined by such order of the court, at the rate at which the assessment was actually made. The statute as thus construed works out complete equity both to the relator and the town.

The final order should, therefore, be modified so as to provide that the supervisors shall levy the amount of excess of taxes paid to the school districts upon the county at large instead of the town of Amsterdam, and as thus modified the order should be affirmed, without costs to either party.

All concurred, except CHASE, J.; who dissented in so far as the modification required the refunding of any part of the school taxes.

Order modified as per opinion, and as so modified affirmed, without costs to either party.