PEOPLE ex rel. ERIE R. CO. v. BOARD OF SUP'RS OF ERIE COUNTY.

(Supreme Court, Special Term, Erie County. May, 1906.)

1. TAXATION—REVIEW OF ASSESSMENT—CERTIORARI.

Laws 1896, p. 884, c. 908, § 256, provides for the return of taxes paid on an illegal or unequal assessment, and declares that the board of supervisors shall audit and allow to the petitioner, and include in the tax levy of such town, village, or city next made, the amount paid by him in excess of what the tax would have been if the assessment had been made as determined by the order of the court; that if the amount deducted from the assessment exceeds $10,000, the amount of such excess which was collected for town, village, or city purposes shall be levied on such town, village, or city by the supervisors, but the balance shall be levied on the county at large, and paid to the petitioner without further audit. On certiorari proceedings to review an assessment, the valuation of relator's property was reduced to the extent of more than $10,000; the order containing a provision: "It is decreed that the board of supervisors * * * shall audit and allow and pay * * * so much of the respective taxes above set forth * * * as relator is lawfully entitled to, in accordance with Laws 1896, p. 884, c. 908, § 256," and thereafter the supervisors paid the claim so far as it related to town, county, and town taxes, but disallowed school and highway taxes. *Held*, on mandamus to compel the payment of school and highway taxes, that the phraseology of the order in the certiorari proceedings was of no importance in determining what should be paid relator, as the statute itself defines the duty of the board.

2. MANDAMUS—RECOVERY OF TAXES PAID.

The fact that there was refunded to relator so much as was represented by state, county, and highway taxes, and not such part thereof as related to school and highway taxes, was of no avail to the board of supervisors, under the mandamus proceedings, even though three years had passed.

3. SAME.

It was of no avail to respondents in the mandamus proceeding that at the time the state, county, and town taxes were refunded there had not been decided a cause in which the Appellate Division decided that a highway tax was a tax for a "town" purpose, but that since school taxes were assessed by school trustees of the various school districts separately, where a railroad company whose assessment was illegally increased paid taxes in only a certain number of the districts in the town, such taxes were not assessed for a town purpose; as the force of such decision in no way extended or curtailed the rights of the parties, but was merely declaratory of the law.

Mandamus by the people, on relation of the Erie Railroad Company, to compel the board of supervisors of the county of Erie to audit and pay relator a claim for school and highway taxes paid the town of Alden on an excessive valuation. Peremptory writ issued.

Moot, Sprague, Brownell & Marcy, for the relator.

Nathaniel W. Norton (Frank L. Barnett, of counsel), for respondent.

MARCUS, J. In the years 1899, 1900, and 1901, the relator instituted certiorari proceedings to review the assessment of its property in the town of Alden, and on December 16, 1901, an order was granted and entered in each proceeding, reducing the valuation of relator's property; the amount of such reduction being more than $10,000 in each year. Each of the orders contained the following provision:

"It is further ordered, adjudged, and decreed that the board of supervisors of the county of Erie, at its first session after the granting of this order at which said company makes application therefor, shall audit and allow and pay to said Erie Railroad Company * * * so much of the respective taxes above set forth * * * as said Erie Railroad Company is lawfully entitled to, in accordance with section 256, c. 908, p. 884, of the Laws of 1896."

On February 18, 1902, the relator presented to the board of supervisors a claim for the taxes paid by it upon the valuation in excess of that fixed by the orders. This claim was audited by the supervisors in April, 1902, and so much thereof as related to state, county, and town taxes was allowed, and so much thereof as related to school and highway taxes was disallowed. A motion is now made for a peremptory writ of mandamus, directing the board of supervisors to audit and pay to relator this claim for school and highway taxes.

The argument on this proceeding seems to settle to a question of legal practice and procedure on the one hand, and legal right and justice on the other. Without determining whether the board of supervisors acted in a judicial or ministerial capacity when part of the moneys were paid to the relator in 1902, the fact nevertheless remains that the relator has not received the refund to which it was entitled as determined by this court in the certiorari proceedings. The phraseology of the order in such proceedings which reduced the amount of the assessment, and which directed the audit and refund, can be of no importance, since section 256 of the tax law itself defines the duty of the board to refund the excess taxes when the assessment has been reduced by the order in certiorari proceedings. Again, the fact that there was refunded to the relator so much as was represented by state, county, and highway taxes, and not such part thereof as related to school and highway taxes, cannot avail the respondent, even though three years have passed, nor the fact that the relator now relies on the authority of People ex rel. New York Central & Hudson River Railroad Company v. James Matthias, 84 App. Div. 122, 81 N. Y. Supp. 1105, for the school and highway tax refund, which case had not been decided at the time the state, county, and town taxes were refunded by the board. The law has in no way changed. The force of that decision has in no way extended or curtailed the rights of the parties. Undoubtedly, it has made clear how the refund shall be made. It is declaratory of the law, but the right of the relator to the refund by virtue of the tax law was never extinguished or enlarged by virtue of that decision.

Upon the broad ground, therefore, that the original direction of this court has never been complied with or carried to completion, and that the relator has never had a refund of excess tax paid as directed, a peremptory writ of mandamus may issue.