In the Matter of ELIZABETH A. MOON et al., Petitioners, against JOHN E. BLOOMER, JR., as Comptroller of the City of Binghamton, et al., Respondents.

Supreme Court, Special Term, Broome County, September 29, 1944.

*C. Addison Keeler* for petitioners.

*Herbert H. Ray, Corporation Counsel (Lester Mosher* of counsel), for respondents.

DEYO, J. This is a proceeding to compel the audit and allowance of certain moneys paid by petitioners as penalties on taxes refunded to petitioners under a final order in certiorari which reduced the petitioners' assessments for various years and directed a refund, with interest, of that part of the taxes held to be excessive. During the years in question, the petitioners incurred and paid penalties for late payment of taxes aggregating $540 on that portion of the taxes held to be excessive. It is this $540 which the petitioners seek to have audited and allowed to them.

In my opinion the petitioners are entitled to the relief which they seek. Despite the fact that the penalty may not be a part of the tax, strictly speaking, nevertheless, it is not segregated, it does not go into some special fund for some particular purpose. It becomes a part of the general fund and is used as all tax moneys are used. It would never have been paid in the first place if the assessment had been correct, and it certainly would be most inequitable to permit the City to retain this sum and thus take advantage of its own wrong. (*People ex rel. Am. Ex. Nat. Bank* v. *Purdy,* 199 N. Y. 51.)

In *People ex rel. Emigrant Industrial Sav. Bank* v. *Sexton* (259 App. Div. 566, affd. 284 N. Y. 57), which was a case involving the rate of interest to which a successful petitioner in certiorari was entitled, the court developed the theory that the payment of taxes under protest gave rise to an implied contract on the part of the taxing authority to repay if the payment was subsequently held to be excessive. Under this theory of implied contract certainly the City in the instant case is obliged to repay not only the amount of the tax held to be excessive, but the penalties exacted on that portion as well.

The case which comes the closest to being a decision on the question at hand is *Matter of Smallwood* (35 Misc. 167, affd. 63 App. Div. 329). Here, a successful petitioner in certiorari had not paid her taxes at the time the order reducing her assessment was granted. The question presented was whether or not the petitioner was obligated for the penalties which had accrued due to the delay in payment. The court held that she was liable for the penalty on that portion of the tax which she was obliged to pay, but not as to that portion which was deemed to be excessive. It follows from this decision as a necessary corollary that had the petitioner paid her taxes and penalties as in the instant case, she would be entitled to recover not only the portion of the tax deemed excessive, but the penalties paid on that amount as well.

The provisions of section 296 of the Tax Law are sufficiently broad to warrant the refund of the excessive penalty as well as the excessive tax. Subdivision 2 provides that in the case of an improper assessment on city property, the common council shall audit and allow " to the petitioner or other person who shall have paid such tax   *   *   *   the amount paid by him in excess of what the tax   *   *   *   would have been if the assessment had been as ordered   *   *   * ." Note that the section does not call for a refund of the *tax* paid in excess of what should have been paid. It calls for a refund of the *amount* paid in excess of what the tax would have been if the assessment had been as ordered. In the instant case the petitioners have paid not only taxes, but $540 in penalties in excess of what the tax would have been if the assessment had been as ordered. These two items go to make up the " amount " which, by specific statutory direction, must be repaid.

Order granted without costs.