(May 20, 1954.)

■

In the Matter of Richard L. Wolf, Respondent, against Assessors of the Town of Hanover, Appellants. (Two proceedings.) — Judgment affirmed, with costs. Memorandum: In our judgment, the power and authority of an official referee to hear and determine a matter, duly submitted to him as provided by statute and particularly section 117 of the Judiciary Law, is not limited or excluded by the provisions of section 293 of the Tax Law. All concur, except Vaughan

and KIMBALL, JJ., who dissent and vote for reversal in the following memorandum: The above proceeding is brought pursuant to sections 290–295 of the Tax Law to review the assessed valuation of relator's real property situate in the town of Hanover, Chautauqua County, New York, for the tax years 1950-1951. Answers were duly filed controverting the allegations of the petitions. Upon stipulation of the parties an order was made and entered referring the issues to the Honorable ALONZO G. HINKLEY, Official Referee, "to hear and determine." The question posed by this appeal is whether a tax proceeding to review assessments may be referred to an Official Referee by any statute or rule or practice of the court "to hear and determine." We find none. The common-law writ of certiorari in tax proceedings was not available "to revise and modify or set aside assessments on the ground that they were excessive or unequal", but only for the purpose of bringing up the record of an inferior court or tribunal to enable the reviewing court to determine whether the former had proceeded within its jurisdiction. (*People ex rel. Kendall* v. *Feitner*, 51 App. Div. 196, 199.) The power conferred upon the Supreme Court to review the action of the board of assessors in valuing real property is wholly statutory. (Tax Law, art. 13; *People ex rel. Jamaica Water Supply Co.* v. *State Bd. of Tax Comrs.*, 196 N. Y. 39.) Section 293 of the Tax Law provides that upon the hearing upon the return of a writ where the correctness of the action of the assessing officers is questioned, if it shall appear that testimony is necessary for the proper determination of the issues, the court may take evidence or appoint a Referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law. The report of the Referee shall constitute a part of the proceedings upon which the determination of the court shall be made. The reference so authorized by section 293 of the Tax Law "is for the purpose of informing the conscience of the court." However, the "final determination as to the validity and correctness of the assessments rests, not with the referee, but with the court at special term". (Carmody on New York Practice, Vol. 10, § 461.) The power of the Supreme Court to order a reference pursuant to the provisions of section 293 of the Tax Law is restricted by the statute itself to a reference "to hear and report." The question here presented is not one of the authority of an Official Referee under the provisions of section 117 of the Judiciary Law, but is solely a question of power of the Supreme Court to delegate a duty imposed upon it by the statute. We have been unable to find any reported case which sustains the position arrived at by the majority. The practice up to the present where a Referee is appointed in a tax certiorari proceeding is to refer the issues to the referee "to hear and report," leaving the ultimate decision to the court. It is our feeling that the power of an Official Referee appointed in a tax certiorari proceeding is not enlarged by section 117 of the Judiciary Law. (See *Pawelek* v. *Pawelek*, 266 App. Div. 711, in which this court held that an Official Referee is not the alter ego of the Supreme Court.) (Appeal from a judgment reducing the assessments on petitioner's property.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.