THE PEOPLE OF THE STATE OF NEW YORK ex rel. TWO LAKES CORPORATION and Another, Relators, *v.* EDWARD A. MATHEWS, as Assessor of the Town of Eastchester, and Others, Respondents.

Supreme Court, Westchester County, April 4, 1934.

*Dunlap, Otto & McGovern [Walter G. C. Otto of counsel], for the relators.*

*William C. Olsen, Town Counsel for the Town of Eastchester [Lester D. Stickles, special counsel, of counsel], for the respondents.*

TAYLOR, J. The relators in this proceeding (Tax Law, §§ 290–293) seek to review the assessments made as of September 15, 1932, on nine parcels of real estate in the town of Eastchester. They assert and the respondents deny that each assessment is erroneous (Tax Law, § 290) because (a) of overvaluation and (b) of inequality in that the assessment has been made at a higher property valuation than the assessment of other property on the same roll by the same officers (Id.). The matter was duly referred (Tax Law, § 293). The referee received voluminous testimony related (1) to the alleged overvaluation of relator's several parcels and (2) to the alleged inequality. He has reported to the court the evidence so taken, with his findings of fact and conclusions of law (Id.), which evidence, findings and conclusions constitute a part of the proceedings upon which this determination will be made (Id.). I have read and have carefully studied this record including the evidence, and as well said findings and conclusions and the opinion of the learned referee. I determine (a) that said report should be adopted and confirmed, and (b) that a final order should be entered to that effect, also dismissing the writ of certiorari and adjudging that none of the questioned assessments is either erroneous for overvaluation as claimed, or for inequality as asserted, and that each of the said assessments should be confirmed (Tax Law, § 293), with taxable costs and disbursements of the respondents to be paid by the petitioners (relators) (Tax Law, § 294), but without an extra allowance. The pressure of other judicial business makes it impossible for me to extend my views leading to the above result. The voluminous evidence relates to the nine parcels directly

involved and to twenty-five parcels selected by the relators and adopted for the purposes of this case by the respondents, which (twenty-five) parcels are the subject of testimony in petitioners' effort, resisted by the respondents, to show the alleged inequality. I will state, briefly, the reasons for the court's said determination:

(a) Each assessment is presumptively correct. Presumptively in each instance the assessor performed his duty. The law is settled that the burden is on the petitioners to show, clearly and conclusively, that a given assessment questioned is erroneous. (*People ex rel. Jamaica Water Supply Co.* v. *State Bd. of Tax Comrs.*, 196 N. Y. 39; *People ex rel. Haile* v. *Brundage*, 195 App. Div. 745–747, and cases there cited.)

(b) On the subject of the alleged inequality the law is that the true criterion is to be found in the *general* rate of assessment; it is only where the assessors in a particular case depart from a *general rule of ratio assessment* adopted by them, to the injury of the complaining taxpayer, that their assessment of his property is deemed to be unequal within the contemplation of the statute, and in need of correction judicially (*People ex rel. Warren* v. *Carter*, 109 N. Y. 576, 578); the mere fact that other pieces of property in the same town may be found which have been assessed at a lower rate of valuation than the relators' property is not sufficient to enable them to procure reduction of their assessments (Id.; *People ex rel. Allen* v. *Badgley*, 138 N. Y. 314, 317, which follows *People ex rel. Warren* v. *Carter, supra*); and " if upon the whole the average rate of assessment is no lower than his, [the given relator's] and if his assessment is not at a higher rate than assessments generally, he is not aggrieved within the meaning of the statute, and cannot claim * * * to have his assessment reduced." (*People ex rel. Allen* v. *Badgley, supra*, at p. 317; *People ex rel. Fiske* v. *Feitner*, 95 App. Div. 217, 218; affd., 180 N. Y. 536.)

(c) The burden as above imposed upon the petitioners has not been sustained. The testimony of petitioners' two experts if taken at its face value on their direct examination only and if we disregard their cross-examination, would indicate, indeed, both overvaluation and inequality as claimed. It is manifest, however, that it cannot be thus taken; for proper cross-examination of each of said petitioners' witnesses demonstrated clearly that his relevant asserted opinions as to values in September, 1932, although, undoubtedly, given in good faith, were wholly without foundation and were really fanciful valuations upon which no judicial decree could or should be predicated. Each of these experts in effect admitted that because of conditions related to the then real estate market (or lack thereof) bordering on stagnation, it was a practical impos-

sibility to give a genuine statement of value of real property as of September, 1932. Each of said witnesses, however, thereupon proceeded without much, if any, apparent reason, to place very low valuations on the assessed parcels involved and very high valuations upon the parcels, twenty-five in number, upon which the relators and respondents' contentions as to alleged inequality of assessment were and are based. Disregarding for the moment the testimony of the respondents' experts — and they were in substantial accord with the assessor as to the parcels involved in the assessments under review — the opinions of the petitioners' experts cannot prevail in view of the presumption of the correctness of the assessments, which presumption is fortified by the opinions of the respondents' expert witnesses. The opinions of petitioners' experts, in view of their admissions on cross-examination as to the impossibility of fixing values as of September, 1932, are wholly insufficient to rebut the presumption referred to, even if no affirmative evidence of relevant values had been offered by the respondents. It is to be noted further that the relators' witnesses also admitted on cross-examination that said valuations by them given (both as to claimed overvaluation and as to alleged inequality) were not based upon sales of comparative properties. (Read in this connection *Matter of Thompson,* 127 N. Y. 463.) It is significant also that in the cross-examination of respondents' experts (Id.) by the relators' learned counsel, no attempt was made to sustain the valuations stated by petitioners' expert witnesses by inquiry directed to the respondents' experts as to sales (if any) of comparable properties.

(d) My view further is that the evidence as a whole sustains and fortifies each of the questioned assessments. This circumstance warrants the conclusion that the referee's findings of fact are sustained by the evidence and that his conclusions of law favorable to the respondents are in all respects correct.

Settle final order accordingly on notice.