Roscos V. Elsworth, J.
Petitioner in this article 78 (Civ. Prac. Act) proceeding seeks to annul certain determinations of the State Tax Commission that its applications for revision and readjustment of franchise tax returns for the years ending October 31, 1953 and October 31, 1954 were barred by the Statute of Limitations and to compel the commission to consider said applications on the merits. The parties are agreed that only a question of law is here involved.
The petitioner (which designation herein includes Marathon Corporation, acquired by American Can Company in 1957) filed a franchise tax report for the fiscal year ended October 31, 1953 on February 17, 1954, reporting a tax of $40,455.46. In computing the tax, the capital and income of the petitioner were allocated both within and without the State of New York. On July 9,1954 an account was stated in that amount. This was accomplished by the State Tax Commission’s notifying the petitioner on that date that the tax for the year ended October 31, 1953 was $40,455.46. The petitioner subsequently filed a report of a change in Federal net income as made by the Commissioner of Internal Revenue. On the basis of that report its tax for the year ended October 31, 1953 was reaudited and restated and notice of additional tax was sent to the petitioner on July 27, 1956. No change in the basis of allocation of capital and income was made. Thereafter a second change in Federal net income as made by the Commissioner of Internal Revenue was reported to the State Tax Commission by the petitioner. On the basis of that second change the tax for the year ended October 31, 1953 was again reaudited and restated and notice of the change in tax was sent to the petitioner by the State Tax Commission on August 9, 1957. No change in the basis of the allocation of capital and income was made. On September 18, 1957 the petitioner filed an application for revision requesting a change in the allocation of capital and income.
On February 16, 1955 the petitioner filed a franchise tax report for the fiscal year ended October 31, 1954, reporting a tax of $79,808.59. In computing the tax, the capital and income of the petitioner were allocated both within and without the State of New York. On April 29, 1955 an account was stated in that amount. This was accomplished by the State Tax Commission notifying the petitioner on that date that the tax for the year ended October 31, 1954 was $79,808.59. The petitioner subsequently filed a report of a change in Federal net income as made by the Commissioner of Internal Revenue. *144 On the basis of that report its tax for the year ended October 31, 1954 was reandited and restated and notice of the change in tax was sent to the petitioner by the State Tax Commission on December 27, 1957. No change in the basis of the allocation of capital and income was made. On January 27, 1958 the petitioner filed an application for revision requesting a change in the allocation of capital and income.
The Federal changes reported by the petitioner simply reflected corrections in reportable income as found by the Commissioner of Internal Revenue. Without disturbing the basic allocation of capital or income, the State Tax Commission recomputed the taxes for the years involved on the basis of the Federal changes. The applications for revision sought to reopen items that were not affected by the reaudits and restatements made by the State Tax Commission.
A close question of statutory construction is here presented. Subdivision 1 of section 214 of the Tax Law permits a revision and readjustment of accounts if an application is filed within two years of the time such account shall have been audited and stated, and, if such account shall have been reaudited and restated, within one year from the time of such reaudit and restatement or within two years from the time of the audit and statement. Petitioner says that it filed its applications within one year of reaudit and restatement and, therefore, is entitled to a review. On the other hand, the respondent argues that the time to apply for a revision of items not affected by a reaudit and restatement of tax commences to run from the audit and statement of tax and not from the reaudit and restatement. Petitioner retorts that such argument puts words in the mouth of the statute, which is clear, unambiguous and free from any condition so argued to exist.
Section 214 of the Tax Law must be collated with section 212. Under said section (§ 212, subd. 1) the commission is required to audit and state an account within five years after a tax report is filed. If the commission does not so audit and state within five years, the account for the tax shall be deemed audited with an exception not here pertinent. The section further provides (§ 212, subd. 2) that at any time within five years of the filing of a report the commission may reaudit and restate such account if it appears that the same is incorrect, and such reaudit and restatement may be made in the same manner as if an audit and statement had not been made. Under this proviso there is a wide latitude in the changes that can be made. Subdivision 4 of section 212 allows a reaudit and restatement of the account when the commission has been notified *145 of Federal changes in the Federal report for the same period, but on a reaudit and restatement because of such Federal changes no change can be made in allocation of income or capital upon which the original assessment was based.
Petitioner says that the purport of said subdivision 4 is to allow a reaudit and restatement at any time after the five-year period when there are Federal changes. It argues further that, since the reaudits and restatements which it seeks to review are within the five-year period, subdivision 4 has no relevance to the instant problem and it was entitled to a review unlimited in scope. The nub of the problem then is whether a reaudit and restatement within the five-year period, because of the report of Federal changes is limited by the provisions of subdivision 4. The court does not agree with the contention of petitioner that subdivision 4 of section 212 is solely designed to allow unlimited time for reaudit and restatement when Federal changes are reported. Meaning must be attached to the limitation that there shall be no change of the allocation of income or capital when the reaudit and restatement is based upon the report of Federal changes. People ex rel. International Salt Co. v. Graves (267 N. Y. 149) at least inferentially sustains this conclusion.
Accordingly, the petition is dismissed.
The excellent briefs submitted herein have been very helpful to the court. The care and thoroughness shown in the preparation thereof merit commendation.