Ellis J. Staley, Jr., J.
This is a proceeding under article 78
of the CPLR to review the determination of the State Tax Commission which sustained an assessment of a license fee imposed upon petitioner, a Connecticut corporation doing' business in New York State, pursuant to section 181 of the Tax Law. Although a hearing was held, no question of fact is raised by the petition and, since only a question of law is involved, that issue is to be determined initially by this court. (Matter of American Can Co. v. State Tax Comm., 24 Misc 2d 142, revd. 13 A D 2d 175.)
*52 The petitioner was incorporated in the State of Connecticut on June 30, 1961 and began doing business in New York State on January 2, 1962 at which time its capital stock consisted of 552,000 shares of no par value stock. On or about April 3,1963, the petitioner filed the license fee report required by subdivision 5 of section 192 of article 9 of the Tax Law. At the time that the license fee report was filed, petitioner’s capital stock consisted of 552,000 shares of common stock with a par value of $1 per share.
The petitioner computed its license fee pursuant to section 181 of the Tax Law at the rate of one eighth of one per cent of its issued par value capital stock of $552,000 without allocation of capital between that employed within and without the State of New York and paid the sum of $690. On or about April 3, 1963, the petitioner also filed a New York State corporation franchise tax report for the calendar year 1962 on the basis of which a business allocation percentage of 77.6657% was determined by the respondent, which percentage was later revised to 56.7557%. The Corporation Tax Bureau of the State Tax Commission recomputed the license fee by applying the business allocation percentage to the total of 552,000 no par value capital stock shares making an allocation of number of shares to New York State of 428,715 shares and applied the license fee rate of 6 cents per share, resulting in a license fee of $25,722.90. The petitioner was advised that it was required to compute the license fee on the basis of the capital stock outstanding on December 31, 1962.
The issue presented here is what is the proper date for computation of the license fee imposed by section 181 on a foreign corporation doing business in the State where a change of the capital share structure of such corporation is made after the close of its taxable year but prior to the time its report for such year is due under article 9-A of the Tax Law. The petitioner contends that the date for filing the report should be used, and the respondent contends that the date at the end of the first taxable year should be used.
Section 181 of the Tax Law provides in part as follows: ‘ ‘ Every foreign corporation except banking corporations * * * doing business in this state, shall pay a license fee of one-eighth of one per centum on its issued par value capital stock employed within this state and six cents on each share of its capital stock without par value employed within this state for the privilege of exercising its corporate franchises or carrying on its business ”.
*53 Subdivision 5 of section 192 of the Tax Law provides as follows: “ Every foreign corporation subject to the license fee imposed by section one hundred eighty-one of this chapter shall include in the reports filed by it, pursuant to the provisions of articles nine or nine-a of this chapter, such information, in such form as the tax commission may prescribe, as may be necessary to enable the tax commission to determine the amount of its license fee, pursuant to the aforesaid section.”
The method of determining the amount of capital stock employed within the State is provided in section 210 of the Tax Law whereby the allocation percentage of capital employed within the State is based on the activity of the corporation during the taxable year.
Since the license fee is based on issued capital stock employed within the State which is computed on the basis of the corporate activities during the preceding taxable year, it is a reasonable and practical requirement that such a foreign corporation be required to compute the license fee on the basis of its capital structure existing during the year covered by the report which determines the percentage of such capital allocable to New York State, and the determination by the Tax Commission that a foreign corporation doing business in New York State be required to compute the license fee on the basis of its capital stock outstanding as of the last day of its first taxable year should be upheld.
It has been frequently held that an administrative determination as to the construction of a statute be accepted by the courts if it has warrant in the record and a reasonable basis in law. (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104; Matter of Weekes v. O’Connell, 304 N. Y. 259; Matter of Kilgus v. Board of Estimate of City of N. Y., 308 N. Y. 620 ; Matter of Marsh [Catherwood], 13 N Y 2d 235; Matter of Szkolnik v. Allen, 21 A D 2d 729.)
The determination of the Tax Commission is, therefore, confirmed in all respects, without costs.