In the Matter of GRACE E. CONNOLLY, Appellant, *v.* BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent.

Second Department, May 19, 1969.

*Eugene R. Hurley, Sr.,* and *Eugene R. Hurley, Jr.,* for appellant.

*Morris H. Schneider, County Attorney (John M. Armentano* of counsel), for respondent.

BRENNAN, J.   The issues in this case have been discussed in detail with elaborated reasoning in the opinion of Justice SUOZZI in *C.H.O.B. Assoc.* v. *Board of Assessors of County of Nassau* (45 Misc 2d 184, affd. 22 A D 2d 1015, affd. 16 N Y 2d 779).   We concur generally in the well-reasoned opinion in *C.H.O.B.,* but since that case involved a taxpayer's action pursuant to section 51 of the General Municipal Law and the complaint therein was dismissed for the plaintiff's failure to establish waste or injury, the observations there relating to the issue of legality are dicta.   Nonetheless, we are of the opinion that this very persuasive precedent should apply with equal force at bar and it might suffice to predicate our affirmance on what was said therein, but, by way of caution and in light of the important questions presented, some additional comment appears desirable.

The petitioner commenced this proceeding to review an assessment for taxation on real property pursuant to article 7 of the Real Property Tax Law and alleged that the respondent's new method of assessment was illegal in that it violated section 306 and subdivision 3 of section 502 of the said statute and section 603 of the County Government Law of Nassau County (L. 1936, ch. 879, as amd.).   The petitioner also claimed that her property, which consists of three vacant lots, each 25 feet by 100 feet, has been overvalued and that the assessment for 1967/68 is unequal in that it was made at a higher proportionate valuation than value estimates of other property on the same assessment roll.   It appears to be undisputed that prior to 1964 the petitioner's property was assessed at $340 pursuant to the values listed on a land value map apparently maintained by the respondent since 1938/39.   Her property was valued at $1,970 on the 1967/68 assessment roll and she argues that the assessment must be reduced to the level at which it was prior to the adoption of the tax rolls for 1963/64.   Her motion for summary judgment was denied and, on reargument, the respondent was granted partial summary judgment dismissing that portion of the petition which claimed illegality in the method of the preparation of the assessments.   On this appeal the petitioner argues only the question of illegality.

Until 1964 the respondent assessed improved and unimproved property at 100% of the valuations listed on a land

value map. The valuations reflected a property's worth in terms of 1938 prices (·County Government Law of Nassau County, § 603; *Matter of Mid-Island Shopping Plaza* v. *Podeyn,* 25 Misc 2d 972, affd. 14 A D 2d 571, affd. 10 N Y 2d 966). In 1964 the respondent found that the relationship of assessment to market value as to unimproved property bore considerably less uniformity than the assessment ratio for improved properties. Pursuant to several resolutions enacted that year the respondent adopted a '' Current Market Value Land Map '' and declared that 33⅓% ''represents the fair equalized ratio of assessed value to current market value of vacant and unimproved land in the County.''

The effect of the resolutions was to create two classes of property for assessment purposes.* Improved property and certain unimproved property (see footnote) are assessed at the 1938 valuations while all other unimproved property is assessed at one third of current market value.

Special Term initially observed that the '' question of the legality of the assessors [*sic*] methods was thoroughly explored '' in the *C.H.O.B.* case; and, on reargument, Special Term adhered to its previous conclusion that '' the facts as they appear herein are the same, and the allegations of illegality are identical to those raised in the *C.H.O.B.* case.''

The petitioner's sole contention on this appeal is that the respondent's determination of assessed valuation of unimproved property without regard to the 1938 rates listed on the land value map is illegal. The respondent, on the other hand, asserts that it has not contravened any statute and its action merely constitutes an attempt to equalize the tax burden of property owners in Nassau County. We address ourselves to the various arguments.

In our opinion, section 306 of the Real Property Tax Law, which requires assessments to be at '' full value '', is not violated where the assessment is expressed at a uniform percentage of full value (see Report of Temporary State Comm.

---

* Class I includes (1) improved property and (2) unimproved property (i) used as a golf course, or (ii) contiguous to a homeowner's dwelling if the owner files an affidavit that he does not intend to sell the vacant land separate from the dwelling, or (iii) having an area less than the minimum required for a building permit under applicable zoning ordinances. Class II includes all other vacant land. However, the respondent correctly notes that on the appeal the petitioner makes "no claim of discrimination in assessment within the class in which * * * [her] property has been placed". Furthermore, it appears that the classification is not unconstitutional on its face (see *C. H. O. B. Assoc.* v. *Board of Assessors of County of Nassau,* 45 Misc 2d 184, 198, *supra*).

on Constitutional Convention, vol. 13, Local Government [Pamphlet, March 31, 1967], pp. 131, 147; 58 N. Y. Jur., Taxation, § 159). Of course, there is no constitutional violation (N. Y. Const., art. XVI, § 2) and the cases in which this principle has been recognized are legion (see *People ex rel. Yaras* v. *Kinnaw,* 303 N. Y. 224; *Matter of Mid-Island Shopping Plaza* v. *Podeyn, supra*; *C.H.O.B. Assoc.* v. *Board of Assessors of County of Nassau, supra*). It has been said that a taxpayer may have a valid claim of inequality or illegality " where the assessors in a particular case depart from a general rule or ratio of assessment which they have adopted," causing him to bear more than his due share of the aggregate tax (*People ex rel. Warren* v. *Carter,* 109 N. Y. 576, 581; see *People ex rel. Two Lakes Corp.* v. *Mathews,* 151 Misc. 294, 296; 58 N. Y. Jur., Taxation, § 159). While it remains to be resolved at a plenary hearing whether the petitioner's property is overvalued or whether the assessment is unequal, the respondent's adoption of 33⅓% of current market value as the equalized assessment ratio does not violate section 306.

The petitioner further argues that subdivision 3 of section 502 of the Real Property Tax Law and section 603 of the County Government Law of Nassau County have been violated. These statutes provide, in essence, that land shall be assessed separately from improvements and the assessment stated in separate columns, but that only the total assessment is subject to judicial review. The petitioner's argument appears to be that the statutes require the respondent to assess the land, exclusive of improvements, and, therefore, it was illegal for the respondent to determine an equalized assessment ratio based upon the total assessment figure for improved property. The short answer to the petitioner's contention is that " any separation of value for land and buildings is purely artificial and hypothetical " (*C.H.O.B. Assoc.* v. *Board of Assessors of County of Nassau,* 45 Misc 2d 184, 193, *supra*); and the Legislature recognized this by providing for judicial review of only the total assessment (Real Property Tax Law, § 502, subd. 3). Moreover, the provisions cited by the petitioner are merely directory and do not preclude the respondent from adopting a new method of assessment (*Lancaster Sea Beach Improvement Co.* v. *City of New York,* 214 N. Y. 1; *Matter of Doughty* v. *Loomis,* 9 A D 2d 574, affd. 8 N Y 2d 722; *C.H.O.B. Assoc.* v. *Board of Assessors of County of Nassau, supra*). Furthermore, these statutes do not relate as to how the computation is to be made and it is undisputed that the respondent is authorized

to review assessment rates annually in order to equalize the ratio of assessments to current value (Real Property Tax Law, §§ 302, 500).

Accordingly, the statutes do not prevent the respondent from lawfully assessing improved property at 100% of the 1938 land value map valuations and assessing unimproved property at 33⅓% of current market value. This dual approach to assessments was deemed necessary by the respondent in a justifiable attempt to equalize the tax burden on property owners in the county. Whether or not the respondent has succeeded in respect to the instant property presents a factual question which should be decided after a trial. Nevertheless, Special Term properly granted partial summary judgment on the issue of legality since only a question of law was presented and "it would appear to the court that notwithstanding the use of a dual approach in valuing vacant land and improved land exclusive of improvements generally, the defendant is on a valid route to achieving the statutory mission enjoined upon it by the tax statute" (*C.H.O.B. Assoc.* v. *Board of Assessors of County of Nassau,* 45 Misc 2d 184, 198, *supra*).

The order entered September 25, 1968 should be affirmed, with $20 costs and disbursements. The appeal from the order dated June 21, 1968 should be dismissed as academic, without costs. That order was superseded by the order dated July 16, 1968, which granted reargument.

CHRIST, Acting P. J., RABIN, HOPKINS and KLEINFELD, JJ., concur.

Order dated September 25, 1968 affirmed, with $20 costs and disbursements. Appeal from order dated June 21, 1968, dismissed, without costs.