■ In the Matter of ELLIS M. DEULL, Appellant, v. HOUSING AND DEVELOPMENT ADMINISTRATION et al., Respondents.— Judgment, Supreme Court, New York County, entered February 24, 1971, unanimously reversed, on the law, with $60 costs and disbursements to appellant, and the matter remanded to the Housing and Development Administration (HDA) for reconsideration and further proceedings in accordance herewith. On the basis of the record, the determination and certification by HDA, for tax abatement purposes, of the reasonable costs of the alterations and improvements to petitioner's multiple dwelling may not stand. The State enabling legislation, upon which the provisions of the New York City Administrative Code are based, authorizes the abatement of taxes on certain multiple dwellings, including the land, "by an amount no greater than eight and one-third per centum of the cost of such alterations and improvements each year for a period not to exceed twelve years." (Real Property Tax Law, § 489, subd. 2). In the absence of qualifying language, it should be presumed that the "cost of such alterations" means reasonable cost. We construe the State legislation and the pertinent Administrative Code provisions (Administrative Code of City of New York, § J51–2.5) to entitle the property owner to an abatement of taxes on the basis of the reasonable cost of the alterations and improvements to dwellings. On this basis the HDA, in the exercise of its powers and duties, should proceed fairly to determine and certify the reasonable cost of alterations and improvements where a property owner duly applies for exemption and abatement. In each particular case, of course, the determination of reasonable cost of particular alterations and improvements involves a consideration by HDA of many factors, one of which factors ordinarily should be the actual cost in effecting the particular alterations and improvements. Notwithstanding that petitioner actually expended $126,000 for work and materials in altering and improving his multiple dwelling at West 77th Street in the City of New York, HDA in processing petitioner's application for tax abatement, apparently disregarded such cost without considering its reasonableness in relation to the alterations and improvements made. Rather, it fixed an allowable cost for the alterations and improvements at $43,100 on the basis of a so-called "maximum tax benefit allowances" schedule, which provides for standard allowances on a room and unit basis, apparently without due consideration of whether or not the standard allowances were reasonably applicable to the particular alterations and improvements. Furthermore, there was an apparent failure by HDA to make a proper room count and a failure to consider all the alterations and improvements made, including installation of a sprinkler system, the rebuilding of the heating system, installation of new plumbing and wiring, and other items. Moreover, although it appears that HDA may have concluded that a certain portion of petitioner's costs and improvements represented "luxury" items not considered to be reasonable in view of the nature and location of the dwelling, there was no specification of what HDA considered as "luxury" items and, at least, there

was no showing that these "luxury" items, in and of themselves, accounted for the great difference between the actual cost and the amount fixed by HDA. Finally, on the entire record, it appears that the action of HDA represents an arbitrary and capricious exercise of its powers and duties. In any event, this is a case where the proper administration of the powers and duties vested in the particular agency requires further consideration of the matter by it. HDA, for the purpose of certifying "reasonable cost", is given the power to "take the testimony of any person, including but not limited to the owner of such property, may issue subpoenas requiring the attendance of such persons and the production of such books, papers or other documents as it shall deem necessary" (Administrative Code of City of New York, § J51–2.5, subd. f). Under the circumstances of this case, it would seem that petitioner should be given an opportunity to be heard at an informal hearing, and that the basis upon which HDA makes its ultimate determination and certification be stated to the end that there may be a proper reviewable record. (See *Matter of Punnett* v. *Evans*, 26 A D 2d 396; see, also, *Matter of Emray Realty Corp.* v. *Abrams*, 309 N. Y. 888.) Concur — Stevens, P. J., McGivern, Markewich, Steuer and Eager, JJ.