In the Matter of WARREN-CONNOLLY Co., INC., Petitioner, v. STATE TAX COMMISSION, Respondent.

Third Department, October 25, 1973.

*Weisman, Celler, Spett, Modlin & Wertheimer* (*Herbert R. Berk* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for a refund of corporate franchise tax for the year 1966.

Petitioner, a New York corporation, filed its Federal income tax reports and New York State corporate franchise tax reports until 1967 on a calendar year basis. On July 1, 1968 all of its corporate stock was acquired by the Fedders Corporation (hereinafter referred to as Fedders). Petitioner filed a Federal pre-affiliation report on June 30, 1968 which covered the period of January 1, 1968 through June 30, 1968. The fiscal year of Fedders ended on August 31 and a Federal consolidated return filed by Fedders included petitioner's activities for the period of July 1, 1968 through August 31, 1968. Petitioner filed a single New York State franchise tax return for the period of January 1, 1968 through August 31, 1968. During the fiscal year ending August 31, 1969, petitioner sustained a net operating loss of some $300,000. Although it was included in the Federal consolidated return of Fedders for such fiscal year, petitioner filed a separate New York State franchise tax return for the same period wherein it sought to carry back such loss to the calendar year of 1966 and applied for a franchise tax refund for such calendar year. This was denied, and, after a hearing on a petition for the refund, the State Tax Commission determined that

franchise tax reports are required to conform with reports filed with Internal Revenue Service both as to reporting period and income. Since a net operating loss is allowable as a carry back for only three reporting periods preceding the period when such loss is sustained, respondent ruled that no portion of petitioner's loss was allowed to be carried back to 1966 which was petitioner's fourth reporting period preceding the period ending August 31, 1969.

We cannot agree with this determination. Respondent incorrectly determined that petitioner was required to file its franchise tax returns for the same periods for which the Federal tax returns were filed. Generally, the reporting period for Federal tax purposes is the basis for State franchise tax purposes. (20 NYCRR 2.2.) The Tax Law, however, recognizes that there may be occasions when a taxpayer files its State franchise tax report and Federal income tax report on the same basis, but the reports do not cover the same period (Tax Law, § 208, subd. 9, par. [h]; see, also, 20 NYCRR 3.15). Moreover, there is no requirement in section 208 (subd. 9 or subd. 9, par. [f]) of said law that the reporting periods be identical for Federal income tax purposes and State franchise tax purposes. Section 208 (subd. 10), in defining the term " fiscal year ", provides that, in case a taxpayer changes from a calendar year to a fiscal year, the period from the close of its last calendar year up to the date designated as the close of its new fiscal year, shall be *included*. This provision clearly required petitioner to file a single franchise tax report for the period of January 1, 1968 through August 31, 1968.

In our opinion, respondent's determination is arbitrary, capricious and contrary to law, and should be annulled. Petitioner should be allowed to carry back the loss incurred during the fiscal year ending August 31, 1969 to the calendar year of 1966.

The determination should be annulled and the matter remitted for further proceedings not inconsistent herewith, with costs.

GREENBLOTT, J. P., COOKE, MAIN and REYNOLDS, JJ., concur.

Determination annulled and matter remitted for further proceedings not inconsistent herewith, with costs.