In the Matter of JOHN GRAHAM et al., Petitioners, v STATE TAX COMMISSION, Respondent.

Third Department, June 26, 1975

*Nixon, Hargrave, Devans & Doyle (Sterling L. Weaver* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondent.

REYNOLDS, J. This is a proceeding pursuant to CPLR article 78 to review a determination of the State Tax Commission made after a hearing that a refund claim for the year 1961 should be denied and that deficiencies exist for the years 1965 and 1966.

The instant proceeding results from a determination by the respondent denying the petitioners a net operating loss carry-back or carry-over for the years 1961, 1965 and 1966. The respondent's denial is premised on the proposition that a nonresident taxpayer who reports his New York income on a separate accounting basis may not claim a net operating loss deduction by way of carry-over, carry-back or otherwise when his Federal income tax return does not reflect an actual net operating loss (Tax Law, § 632, subd [b], par [3] and regulations promulgated thereunder). Petitioners contend that respondent's position allocates income and not losses and, there-

fore, discriminates against nonresidents who have non-New York income and that this discrimination is both inequitable and in conflict with statutory and constitutional safeguards. We agree.

While the construction given statutes and regulations by an agency responsible for their administration, if not irrational or unreasonable, should be upheld (Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Young v Bragalini, 3 NY2d 602; Matter of Barie v Lavine, 48 AD2d 36), and conformity of New York and Federal substantive tax provisions was a major objective of the Legislature when it re-enacted the Personal Income Tax Law in 1960 (see Matter of Marx v Bragalini, 6 NY2d 322; NY Const, art III, § 22; Tax Law, § 607), strict conformity is impossible in the case of a nonresident since his Federal return reflects his New York as well as non-New York income whereas his New York return reflects only those items of income, gain, loss and deduction which are derived from or connected with New York sources. (See, generally, 1 NY CCH Rptr, ¶ 17.405.) Moreover, as petitioners point out, to deny a nonresident taxpayer a deduction on the basis of netting New York gains and losses with non-New York gains and losses ignores the statutory mandate that net operating losses be calculated solely with respect to New York items of income and losses. Additionally, the position of the petitioners is consistent with analogous provisions of the Unincorporated Business Tax Law (Tax Law, § 706, subd [2], par [a]; § 707; 20 NYCRR 206.3) and the New York Franchise Tax Law (20 NYCRR 3.12; cf. Matter of Warren-Connolly Co. v State Tax Comm., 42 AD2d 369). Accordingly, the regulation of the Tax Commission denying a nonresident taxpayer a net operating loss deduction by way of carry-back or carry-over, which deduction is based solely on income, gain, loss or deduction derived from or connected with New York sources, is unreasonable, arbitrary or capricious and, therefore, invalid (see Grossman v Baumgartner, 17 NY2d 345), and any argument of Federal conformity is not sufficient to overcome such a conclusion.

The determination should be annulled, with costs; the petition should be granted and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J., GREENBLOTT, MAIN and LARKIN, JJ., concur.

Determination annulled, with costs; petition granted and

matter remitted for further proceedings not inconsistent herewith.