OPINION OF THE COURT
Albert H. Buschmann, J.
This is a CPLR article 78 proceeding to review a determination by respondent which prorated petitioner’s real estate tax refund after a court-ordered reduction of the assessed value of petitioner’s property because of a “J-51” exemption upon the said property.
Petitioner is the owner of a large multiple dwelling in the Borough of Queens, City of New York. Respondent is the Commissioner of Finance of the Department of Finance of the City of New York.
The facts in this case are undisputed. For the tax year 1972/1973 the assessed valuation of petitioner’s property was $3,480,000. Due to alterations and improvements to the subject property the assessed valuation was increased to $3,520,000 for the tax year 1973/1974. Thereafter, the petitioner applied for a tax exemption pursuant to section 489 of the Real Property Tax Law and section J51-2.5 of the Administrative Code of the City of New York. The city granted the petitioner a tax exemption of $40,000 to run for 12 years commencing with the 1973/1974 tax year. The $40,000 exemption represented the difference be *800 tween the 1972/1973 assessment before the improvement and the 1973/1974 assessment after the improvement. In 1979, tax certiorari proceedings instituted by petitioner resulted in a reduction of its real estate tax assessment for the years 1973/1974 through 1978/1979. The order, entered on January 29, 1980, provided that it should be “paid to the petitioner the amounts, if any, paid by the said petitioner as taxes against the said erroneous assessment in excess of what the taxes would have been if the said assessment had been made as determined by this order.” On March 26, 1980 an application for a refund was made to the respondent. On or about June 30, 1980 a check was received by the petitioner for $133,906.40, said sum reflecting a reduction of $1,608.08 of the excess tax payment. Upon requesting a reason for the reduction in the refund, petitioner was told that because the reduction in the over-all assessment was prorated between the exempt and nonexempt portion of the property, respondent apportioned the refund according to that proration of the reduction.
The issue confronting the court in this case is whether a court-ordered reduction in assessed valuation affects only the taxable portion of the property or whether it affects proportionally the taxable and exempt portion of the property requiring a proportionate reduction in the tax refund.
In order to decide this controversy it seems essential at the outset to delineate those sections of the Real Property Tax Law which govern the procedure by which an exemption is granted on improvements to real property; an assessment is fixed by the assessor on real property for tax purposes and a tax assessment, once entered on the assessment roll, is judicially reviewed. Section 489 (subd [1], par [a]) of the Real Property Tax Law authorizes the City of New York to enact legislation “providing that any increase in assessed valuation resulting from alterations and improvement to [real property] * * * shall be exempt from taxation for local purposes for a period not to exceed twelve years after the taxable status date immediately following the completion thereof’. The implementation of said section is found in section J51-2.5 of the Administrative Code, commonly referred to as the J-51 law, which *801 echoes the enabling statute. The procedure by which a J-51 exemption is computed is by subtracting the assessed valuation of the property before the improvement from the assessed valuation of the property after the improvement. That difference in valuation, translated into a dollar amount, becomes the J-51 exemption (Matter of 111 Fourth Ave. Assoc, v Finance Admin, of City of N. Y., 101 Misc 2d 950).
Contained in article 5 of the Real Property Tax Law are the provisions of general application relating to the assessment and taxation of real property. To arrive at an assessment for taxation purposes, an assessor must determine “the valuation of real property, including the valuation of exempt real property” (Real Property Tax Law, § 102, subd 2). It is only this total assessment which is subject to judicial review (Real Property Tax Law, § 502, subd 3; Matter of Connolly v Board of Assessors of County of Nassau, 32 AD2d 106). When the assessor fixes value of property following an improvement, the cost of construction of the improvement is only one factor for the assessor to consider in arriving at total value (Matter of Deull v Housing & Dev. Admin., 40 AD2d 803). Thus, it is possible if an owner of a building expends $10,000 on improvements it is not certain that the increase in valuation will be $10,000; the increase could be greater than $10,000 or less than $10,000 depending on the relationship of those improvements to total value.
A proceeding for a review of assessment upon real property by certiorari is governed by article 7 of the Real Property Tax Law. If the court determines that the assessment under review is erroneous, refund must be made to the person entitled thereto (Real Property Tax Law, § 726, subd 1). Paragraph (a) of subdivision 1 of said section provides that “there shall be audited and paid to the petitioner or other person paying such tax *** the amount paid by him in excess of the amount which would have been paid had such assessment been made as determined by such order, together with interest thereon”. That is, a court-ordered reduction in assessment replaces the original erroneous assessment and the amount refunded to the taxpayer is that amount in excess of what *802 the tax would have been if the original assessment had been as ordered (Matter of Moon v Bloomer, 183 Misc 62).
The petitioner would have us interpret the above sections of the Real Property Tax Law so as to reach the conclusion that since the procedure by which the taxpayer receives an exemption and the tax certiorari proceeding to review an assessment are separate and distinct proceedings and that the latter does not involve the question of correctness of the exemption (People ex rel. Ambroad Equities v Miller, 289 NY 339), the reduction in assessed valuation can only affect the taxable portion of the property. However, even if they are separate proceedings, both proceedings are governed by the Real Property Tax Law. Sound principles of statutory construction require us to read the statute as a whole so that its various provisions are harmonized with each other and with the general intent of the statute (Matter of Anderson v Board of Educ., 46 AD2d 360, affd 38 NY2d 897). If there are contradictions between two proceedings in a statute they must be reconciled since inconsistency is contrary to the intention of the Legislature (Long Is. Trust Co. v Porta Aluminum Corp., 44 AD2d 118; William Iser, Inc. v Garnett, 46 Misc 2d 450).
Section 726 of the Real Property Tax Law is clear that if the total tax assessment is reduced, the new assessment replaces the original assessment. Since the J-51 exemption is computed on the basis of the difference between the tax assessment of the year prior to the improvement and the tax assessment after the improvement, applying section 726 of the Real Property Tax Law would proportionally reduce the amount of the exemption, at least for purposes of a tax refund. While petitioner is correct in that the exemption is.a dollar amount, that dollar amount is derived by the difference in the assessed valuation before and after the improvement. The erroneous assessment being replaced after a successful tax certiorari proceeding is not just on the property minus the improvement but affects the value of the entire property including the improvement. If the exemption were granted on a cost of improvement basis petitioner’s position might have some merit. However, the Legislature specifically used a *803 valuation basis for computing the exemption. To construe the statute as petitioner would have us do would lead to the result that while a taxpayer would have the benefit of the higher exemption for J-51 purposes, after a tax certiorari proceeding, assuming that the assessed valuation was reduced as in the case herein, the taxpayer would have the benefit of the reduced valuation for tax purposes. The effect of petitioner’s position, if not its intent, is to disproportionally increase the exempt portion of the property relative to the total assessment.
This interpretation of the relevant sections of the Real Property Tax Law is consistent with the policy of this State which dictates that tax exemption statutes should be construed strictly against the taxpayer seeking the benefit of the exemption (Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143), and the burden of proving entitlement to the exemption and its benefits rests on the one asserting it (Matter of F.O.R. Holding Co. v Board of Assessors of Town of Clarkstown, 45 AD2d 875). Petitioner has not met this burden especially since the trend of the exemption law has been to restrict real property tax exemptions and its benefits (Matter of Genesee Hosp. v Wagner, 47 AD2d 37).
Furthermore, where reasonable minds may differ, the judgment of the court should not be substituted in place of the judgment of the agency administering the statute (Matter of Fineway Supermarkets v State Liq. Auth., 48 NY2d 464; Matter of Graham v State Tax Comm., 48 AD2d 444, affd 40 NY2d 889; Matter of Coleco Inds. v State Tax Comm., 49 Misc 2d 51). This is so, even in view of the general rule that a tax statute is to be construed in favor of a taxpayer and against the taxing authority (Matter of Voorhees v Bates, 308 NY 184). In this instance, the Legislature has specifically relegated the determination of the questions, practices and procedures of exemptions to the City of New York and its authorized agencies (Real Property Tax Law, § 489).
While the intent of section 489 of the Real Property Tax Law was to encourage physical improvements and rehabilitation of buildings by means of a tax incentive (Matter of 111 Fourth Ave. Assoc, v Finance Admin, of City of *804 N. Y., 101 Mise 2d 950, supra), our conclusion does not thwart the legislative intent. Landowners who improve their buildings pursuant to the provisions of the applicable statute will still get their exemption. However, petitioner, having sought judicial review of the total assessed valuation of his property, and having obtained the result he desired in the tax certiorari proceeding, cannot now be heard to say that part of his property is not subject to revaluation. The reduction in taxes should be computed proportionally on the taxable and exempt portions of the property.
While the court is cognizant of the opposite conclusion reached by our learned colleague in the First Department (600 West 183rd Rd. Corp. v Tishelman, Index No. 18114/80, Dec. 19, 1980), we find that there is a rational basis in law and fact for the determination by respondent (Matter of Pell v Board of Educ., 34 NY2d 222).
Accordingly, the petition is denied.