■ In the Matter of RONALD ASSOCIATES No. 2, Respondent, v PHILIP R. MICHAEL, as Commissioner of Finance of the Department of Finance of the City of New York, Appellant. — Judgment of the Supreme Court, New York County (Mangan, J.), entered on March 3, 1982, which in granting respondent's CPLR article 78 petition, directed appellant, the Commissioner of Finance, to refund to respondent the full amount of excess real property tax respondent had paid as a result of overvaluation as determined by a final judgment in a tax certiorari proceeding, without diminution, affirmed, without costs. In 1967, petitioner-respondent Ronald Associates No. 2 converted a building it owns in Manhattan from single-room occupancy to a multiple dwelling, thus qualifying for and receiving an exemption in the amount of $200,000 for a 12-year period under section J51-2.5 of the Administrative Code of the City of New York, implementing the enabling legislation, section 489 of the Real Property Tax Law. In 1980, respondent obtained a final judgment in a tax certiorari proceeding directing the commissioner to refund to respondent amounts of excess tax paid in the tax years 1976 through 1979 as a result of overvaluation of its property. In making that refund, the commissioner pro-rated the reduction in assessed valuation between the exempt and nonexempt portions of the total assessment. The effect of that proration was to reduce the actual dollar amount of the J51 exemption, and consequently to reduce the amount of the refund, by expressing the exemption as a proportion of assessed valuation rather than as a fixed amount. Special Term held correctly that the refund was to be computed without diminution by proration of the reduction in assessed valuation between exempt and nonexempt portions of the total assessment. Title J of chapter 51 affords an exemption in the amount of the "[i]ncrease in value over that prior to conversion". (NY Legis Ann, 1946, p 213; see *Matter of 111 Fourth Ave. Assoc. v Finance Admin. of City of N.Y.,* 101 Misc 2d 950, 952 [Kassal, J.].) The exemption afforded under title J of chapter 51 should be expressed as a fixed amount rather than as a proportion of

assessed valuation, and is not subject to adjustment in a tax certiorari proceeding. The commissioner's act of computing the exemption as a proportion was not authorized by statute or regulation and was contrary to the plain meaning of the Administrative Code and its enabling legislation. (See *Matter of 600 West 183rd St. Corp. v Tishelman,* 108 Misc 2d 780; *Matter of Prince Wooster Corp. v Tax Comm. of City of N. Y.,* 115 Misc 2d 100; but see *Matter of Linden Hill No. 2 Coop. Corp. v Tishelman,* 107 Misc 2d 799, affd for reasons stated at Special Term 87 AD2d 577.) Concur — Kupferman, J. P., Sandler and Ross, JJ.

Carro and Asch, JJ., dissent in a memorandum by Asch, J., as follows: Petitioner is the owner of a parcel of real property in Manhattan containing three multiple dwellings. In 1967, as a result of extensive alterations and improvements to the dwellings, the property qualified for and received a partial exemption from real property taxation pursuant to section 489 of the Real Property Tax Law, as implemented by section J51-2.5 of the New York City Administrative Code. This "J-51" exemption for $200,000 was upon the increase in the assessed value of the buildings after the alterations and improvements made by petitioner and was for a period of 12 years. Subsequently, petitioner instituted tax certiorari proceedings challenging total assessments of its property for the 1976/1977, 1977/1978 and 1978/1979 tax years on the ground the assessors had overvalued the property for each of these three years. After trial, the court reduced the total assessed values for all three years. This reduction is not, itself, the subject of the appeal herein. However, appellant department of finance, in complying with the court's judgment directing a refund of overpayment of taxes, calculated the refund by prorating the court's reduction between the taxable and exempt portions of the total assessment and then subtracting, from the taxes petitioner paid on the taxable portion, the reduced amount of taxes petitioner would have been obligated to pay on this portion if the property had been assessed correctly. Petitioner thereupon commenced the instant proceeding challenging appellant's method of calculating the refund and seeking an additional refund. Special Term agreed with petitioner citing *Matter of 600 West 183rd St. Corp. v Tishelman* (108 Misc 2d 780) to the effect that there is no basis in local or State law or in administrative regulations to conclude that a J-51 exemption is a proportion of assessed valuation or is subject to reduction where the court finds value below the assessments in a tax certiorari proceeding. I disagree and would reverse. The enabling statute, section 489 (subd 1, par [b]) of the Real Property Tax Law provides in pertinent part that the city's "local legislative body or other governing agency, is hereby authorized * * * to adopt and amend local laws or ordinances providing that *any increase in assessed valuation resulting from alterations and improvements* * * * shall be exempt from taxation for local purposes for a period not to exceed twelve years" (emphasis added). Subdivision b of section J51-2.5 of the Administrative Code, the implementing local law, also provides in pertinent part that "[a]ny increase in assessed valuation resulting from the conversion of any building * * * or from alterations and improvements to existing dwellings * * * shall be exempt from taxation for local purposes for a period of twelve years * * * *to the extent that such increase in assessed valuation results from the reasonable cost of such conversion or alterations and improvements*" (emphasis added). Initially, I note that the appellant department of finance's administrative determination to calculate the tax refund by treating the reduced assessments as affecting both the taxable portion of the property and the $200,000 exempt portion of the property should be upheld unless its interpretation is clearly inconsistent with the plain words of the governing statutes cited above (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588). I believe that a reading of

these statutes impels one to the conclusion that appellant's interpretation is consistent with the language of both. The exemption is calculated by assessing the value of the structure as a whole after it is improved, and subtracting the value of the pre-existing, unimproved structure (*Matter of 111 Fourth Ave. Assoc. v Finance Admin. of City of N. Y.,* 101 Misc 2d 950). The value of the exemption represents an increase in the value of the pre-existing unimproved structure and, like any increase, can be expressed proportionally. Since the J-51 exemption is specifically defined as an exemption of an "increase in value" in both the enabling and implementing statutes, it is inseparable from the total value and cannot be arrived at by separate assessment, but must be obtained by apportioning the total assessed value between the taxable and exempt portions. Thus, any reduction in the total assessed value must also be apportioned as well. Petitioner retains the benefit of the exemption. Applying appellant's interpretation merely corrects and reduces it in the same proportion by which the total assessment of which it is a part has been reduced. Applying Special Term's interpretation, the exempt portion of the property is disproportionally increased relative to the total assessment. In addition, there is no language in either the enabling statute or the implementing local law which states that the exempt portion of the assessed value of the building may not be decreased by the assessor, or by the tax commission, or by the courts. "[P]etitioner, having sought judicial review of the total assessed valuation of his property, and having obtained the result he desired in the tax certiorari proceeding, cannot now be heard to say that part of his property is not subject to revaluation. The reduction in taxes should be computed proportionally on the taxable and exempt portions of the property" (*Matter of Linden Hill No. 2 Coop. Corp. v Tishelman,* 107 Misc 2d 799, 804, affd 87 AD2d 577).