OPINION OF THE COURT
Ronni D. Birnbaum, J.
This is a summary proceeding brought by petitioner for nonpayment seeking rental arrears for apartment 8B at 36 Plaza Street, in the Borough of Brooklyn, City and State of New York.
Respondent filed an overcharge complaint with the Division of Housing and Community Renewal (DHCR) alleging that he was being charged by 36 Plaza Street Owners Corp. a rent in excess of the legal rent. By order of the District Rent Adminis *334 trator, it was determined that respondent was overcharged $45,679.58 including treble damages. The order provided that:
"In the event that the owner does not make the refund before the next month’s rent is due or files a Petition for Administrative Review within thirty-five (35) days of the issue date of this Order the tenant may either:
"a. Credit no more than 20% of the overcharge (or in the event that 20% exceeds one month’s rent the tenant shall credit the established rent) each month until the overcharge is fully credited; or
"b. File and enforce this Order as a judgement.”
Petitioner filed a petition for administrative review (PAR) and on February 11, 1993 the Commissioner modified the prior order to the extent of reducing the rent overcharge to $20,067.08. Tenant brought a CPLR article 78 proceeding in Supreme Court, Kings County. The court denied the tenant’s article 78 petition and the owner was notified on December 7, 1993. Mr. Marshall began to offset the overcharge against his rent.
The prior owner 36 Plaza Street Owners Corp. filed under chapter 11 of the United States Bankruptcy Code. On May 19, 1994, the property was transferred from 36 Plaza Street Owners Corp. to the petitioner, 36 Plaza Corp. The respondent continued to offset the overcharge against his rent and the petitioner, now the new owner, continued to credit respondent monthly with the overcharge for June 1994 through August 1994. In October 1995 petitioner commenced this nonpayment proceeding for rental arrears from May 1994.
It is respondent’s contention that he received an award from the DHCR in which DHCR found an overcharge and that he is entitled to offset his rent in order to collect the overcharge pursuant to Rent Stabilization Code (9 NYCRR) § 2526.1 (e). It is petitioner’s claim that it is not liable for the overcharge because it purchased the property at a judicial sale. Petitioner relies on Rent Stabilization Code (9 NYCRR) § 2526.1 (f) (2) which states in pertinent part: "[i]n the absence of collusion or any relationship between such owner and any prior owner, where no records sufficient to establish the legal regulated rent were provided at a judicial sale, a current owner who purchases upon such judicial sale shall be liable only for his or her portion of the overcharges, and shall not be liable for treble damages upon such portion resulting from overcharges caused by any prior owner” (emphasis added).
*335 The premises in question were transferred to petitioner as the result of a settlement of a chapter 11 bankruptcy proceeding filed by the previous owner. A party filing a chapter 11 proceeding must provide a plan specifying classes of claims, whether they are not impaired under the plan, the treatment for each impaired class or interest and provide a means for the implementation of the plan. A written disclosure statement, containing "adequate information” approved by the court after notice and a hearing must be transmitted to holders of claims or interests prior to the solicitation of an acceptance or rejection of the plan. (11 USC § 1125 [b].)
"Adequate information” is defined as "[information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor’s books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan”. (11 USC § 1125 [a] [1].) A written disclosure statement must be approved after notice and hearing by the court as containing adequate information. The court must then confirm the plan prior to its implementation only if the requirements are satisfied as proscribed in 11 USC § 1129.
Since there was no testimony to the contrary, the court must rely on the presumption of regularity in that all the outlined procedures in the United States Code were properly followed. There is therefore no question that records were available to the petitioner at the time of the judicial sale and prior thereto. In addition there was no testimony on the part of the petitioner that he failed to receive any records or that he was unaware of the overcharge. To the contrary the record reveals that after the petitioner acquired ownership of the premises the respondent was credited with the respective accounts due under the overcharge order as evidenced by the rent bills for the months of June through August 1994.
The court further notes that unlike an actual foreclosure sale the Bankruptcy Court permitted the premises to be transferred directly to the petitioner under a plan of reorganization. The deed was duly executed and stated that the conveyance was being executed pursuant to a court order of the United States Bankruptcy Court, Eastern District, captioned: In re 36 Plaza Street Owners Corp. The deed goes on to further recite that the grantee, the petitioner herein, agrees to assume the mortgage on the premises. The deed was made subject to a consolidation extension of the modification agreement between *336 the previous owner and First National Bank in the principle amount of $2,700,000 which by another extension and modification agreement was made payable to a third party. The agreement between the parties in which the petitioner agreed to assume the mortgage indicates that there was financial disclosure. The financial disclosure by the previous owner and the petitioner’s acknowledging the overcharge convinces this court that the petitioner was fully aware of the overcharge order then in existence.
Under the circumstances, Rent Stabilization Code (9 NYCRR) § 2526.1 (f) (2) does not apply since there is no question that petitioner had knowledge sufficient to establish the legal regulated rent. There is also a serious question whether this section of the Code is even applicable since the Bankruptcy Court permitted a direct conveyance between the previous owner and petitioner; the premises therefore not being subject to a judicial sale in the real sense of the word. This decision is also in accord with an advisory opinion rendered by the Office of Rent Administration of the DHCR dated December 29, 1995. It was found that because the petitioner had knowledge of the rent prior to the purchase it was not entitled to be relieved of its obligations pursuant to Rent Stabilization Code (9 NYCRR) § 2526.1 (f) (2). The advisory opinion states that "[t]he current owner is obligated to refund and permit the tenant to offset overcharges collected by the prior owner until fully refunded”. This court has no alternative but to find that petitioner is not entitled to the protection given to a purchaser at a judicial sale under the Rent Stabilization Code.
Based on respondent’s right to offset his overcharge against his monthly rent, respondent is in arrears in the amount of $3,287.15. This figure is arrived at as follows. Although a lease was executed on August 8, 1994 for the period of December 1, 1994 through November 29,1996 for a monthly rent of $683.73, petitioner failed to establish that it was properly registered with DHCR. The last registered rent with DHCR was in 1994 in the sum of $657.43, thus establishing the legally registered rent. Therefore, the rental figure of $657.43 must be used in calculating respondent’s offset of his rent based on the overcharge order. In addition, although this pro se respondent did not put into evidence a rent reduction and rent restoration order his referral to said docket numbers were not rebutted by petitioner and will be taken as correct. Respondent is due a $313.10 credit for the rent reduction for the period of November 1993 through September 1994. Accordingly, as of September *337 1995 respondent owed $94.16 as a balance due. Rent for the months of October 1995 through February 1996 has accrued at $657.43 per month bringing the total sum due to $3,287.15. Accordingly judgment in said sum is awarded to petitioner. Issuance of the warrant is stayed five days.