■ In the Matter of GERMAINE GAINES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [646 NYS2d 106] —Judgment (denominated order) of the Supreme Court, New York County (Karla Moskowitz, J.), entered January 18, 1995, which, *inter alia,* dismissed petitioner's application, pursuant to CPLR article 78, seeking to modify an order of respondent Division of Housing and Community Renewal so as to assess full liability for a rent overcharge against the present owner of the premises, unanimously reversed, on the law, without costs, and the petition granted.

Petitioner Germaine Gaines filed a complaint of rent overcharge with respondent Division of Housing and Community Renewal on December 19, 1991. Thereafter, the subject building was acquired by Home Savings Bank of America at a sale conducted pursuant to a compromise order, entered by the United States Bankruptcy Court for the Southern District of New York. In July 1992, 244 West 10th Street Corp. took possession of the premises and, in June 1993, they were acquired by the present owner, ACB Realty Corp., which took an assignment of rents from the vendor. In August 1993, respondent agency determined that petitioner had been overcharged by the debtor in possession, Cornelia Associates, and by the foreclosing creditor, Home Savings Bank. However, the agency apportioned no liability against the present owner or its manager, Sassouni Management Corp., finding that, pursuant to the Rent Stabilization Code (9 NYCRR 2526.1 [f] [2]), they bear no liability to petitioner for rent overcharges collected by the previous owners because of an intervening judicial sale.

As this Court noted, parenthetically, in *Matter of Somlo v State Div. of Hous. & Community Renewal* (142 AD2d 535, 536, *lv denied* 73 NY2d 705), "9 NYCRR 2526.1 [f] now requires that a current owner be responsible for all overcharges, including those collected by prior owners". However, the regulation contains a limited exception to the owner's complete liability for prior overcharges, including any penalties assessed thereon: "in the absence of collusion or any relationship between such owner and any prior owner, where no records sufficient to establish the legal regulated rent were provided at a judicial sale, a current owner who purchases upon such judicial sale shall be liable only for his or her portion of the overcharges, and shall not be liable for treble damages upon such portion

resulting from overcharges caused by any prior owner" (9 NYCRR 2526.1 [f] [2]).

The Division of Housing and Community Renewal's interpretation of the statutes and regulations which it administers is entitled to great deference (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791; *Matter of Howard v Wyman*, 28 NY2d 434, 438). Furthermore, it is well settled that a court, in reviewing an administrative determination, may not substitute its judgment for that of the agency (*Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.*, 112 AD2d 72, *affd* 66 NY2d 1032). Nevertheless, the statutes and regulations under which the agency functions must be construed according to their plain meaning (*Matter of Ronald Assocs. No. 2 v Michael*, 93 AD2d 723, 724, *affd* 61 NY2d 689; *see also, Berkeley Assocs. Co. v Camlakides*, 173 AD2d 193, *affd* 78 NY2d 1098).

Nothing in the language of the Rent Stabilization Code provision which exempts from liability for rent overcharges a current owner who purchases at a judicial sale (9 NYCRR 2526.1 [f] [2]), dictates the conclusion that this limited exception should be extended to a subsequent purchaser. In view of the absence of any provision affecting the liability of the present owner, ACB Realty Corp., a vendee that merely acquired its title through the purchaser at a foreclosure sale, this Court discerns no reason to depart from established precedent holding a successor landlord liable for the misfeasance of a predecessor (*Turner, 308 Realty v Spear*, 134 Misc 2d 733, 734 [Tom, J.]; *see, Polanco v Higgins*, 175 AD2d 729, 730). The Rent Stabilization Code requires that a registration statement, including the rent charged, for housing accommodations subject to rent regulation be filed annually with the Division of Housing and Community Renewal (9 NYCRR part 2509), and registration information is available to an owner or his authorized representative (9 NYCRR 2509.4). Furthermore, where, as here, there is a pending proceeding before the Division at the time the property is transferred, the current owner has only to conduct a search or make an inquiry to discover that fact (*Turner, 308 Realty v Spear, supra*, at 737). Finally, the prudent vendee harboring any uncertainty regarding the propriety of the rents charged can readily "provide a protective clause in the sales contract for such a contingency. If the prior owners fraudulently concealed information * * * a plenary action can be brought against them" (*Turner, 308 Realty v Spear, supra*, at 735).

In view of our holding, it is unnecessary to reach the issue, raised by petitioner-appellant, that acquisition of the premises

under a compromise order, entered in the bankruptcy action, does not constitute a "judicial sale" within the contemplation of the subject Rent Stabilization Code provision (9 NYCRR 2526.1 [f] [2]) and therefore removes this matter from the ambit of the regulation (*see, 36 Plaza Corp. v Marshall*, 168 Misc 2d 333). Concur—Rosenberger, J. P., Ellerin, Rubin and Kupferman, JJ.