(March 3, 1998)

■ Donald Mars, Appellant, v Venture Realty Group, Ltd., Respondent. [669 NYS2d 536] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 24, 1996, which dismissed the complaint, unanimously affirmed, without costs.

Plaintiff instituted this action to recover upon an order of New York State Division of Housing and Community Renewal (DHCR), dated December 5, 1991, which determined that Grand Central Towers, defendant's predecessor in interest, is liable for a rent overcharge. Plaintiff subsequently reduced the order to a judgment, which was filed in the New York County Clerk's office on July 6, 1994 in the amount of $73,396.44, including interest. In this action, plaintiff seeks to recover the amount of the overcharge from defendant Venture Realty Group, Ltd., the contract vendee of the land on which the premises are situated under a plan of reorganization in bankruptcy of Grand Central Towers.

Both parties moved for summary judgment in reliance on paragraph 20 of the rider to the contract of sale, which states: "The parties acknowledge that the Seller has failed to comply with the requisite annual filings required pursuant to the Omnibus Housing Act of 1983. Copies of the original filings have been delivered to the Purchaser. The Purchaser agrees to take subject to the existing state of facts, without offset. This shall survive closing. Purchaser agrees that it will diligently address and assume responsibility for all DHCR complaints filed or to be filed. Purchaser will hold Landlord and Seller harmless and be responsible for any adverse final order on such complaints which may be rendered against Landlord or Seller." Supreme Court dismissed the complaint, finding that defendant has not assumed liability for the overpayment, which was reduced to a final order by DHCR on December 5, 1991,

over a year prior to the signing of the contract of sale on March 3, 1993. This Court reversed, finding the statutory exemption to a successor landlord's liability for rent overcharges found in the Rent Stabilization Code (9 NYCRR 2526.1 [f] [2]) is overcome by the language of this contract (citing *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 230 AD2d 631). Shortly before defendant's motion to reargue was submitted, the Court of Appeals reversed the ruling in *Gaines* (90 NY2d 545 [Oct. 16, 1997]), holding that a determination by DHCR that the statutory exemption extends to the successor to a purchaser at a judicial sale is "both reasonable and consistent with the underlying purposes of the regulation and, thus, should have been upheld" (*supra*, at 551, citing *Matter of Salvati v Eimicke*, 72 NY2d 784, 791).

On reargument, defendant contends, as it did in its brief and on the motion in Supreme Court, that the language contained in paragraph 20 of the contract rider limits its assumption of liability to pending DHCR "complaints". Thus, defendant contends, its responsibility to pay any amount assessed by DHCR is limited to "all adverse *orders* which *may be rendered* with respect to those complaints" (emphasis in original), not to such orders as may have been previously rendered.

Defendant also contends, as it did before Supreme Court, that it never became the owner of the building, assignment of the ground lease having been taken by an entity named Venture Fund 44, Inc. However, this argument was abandoned on appeal, and the relief defendant now seeks—that it be permitted to offer proof, upon renewal, that the debtor conveyed the ground lease to Venture Fund 44, Inc.—is properly sought before Supreme Court. It is settled that this Court is bound by the record on appeal (*Block v Nelson*, 71 AD2d 509). As stated by the Appellate Division, Second Department, "appellate review is limited to the record made at nisi prius and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level" (*Broida v Bancroft*, 103 AD2d 88, 93 [Titone, J.]). While we need not reach the issue, we note that the order of the Bankruptcy Court authorizing the transfer of the ground lease clearly contemplated an assignment to defendant Venture Realty Group, Ltd. In addition, the name in which an interest in real property is taken for reasons of commercial convenience is not a factor necessarily accorded legal significance (*see, Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 270-271).

The disputed language in paragraph 20 to the contract rider, while clearly placing responsibility for any *pending* complaints

on the purchaser, cannot reasonably be interpreted as an assumption of a liability that was reduced to a final order against the transferor more than a year before the contract of sale was signed. The essence of the contested provision is contained in the last sentence, which states, "Purchaser will hold Landlord and Seller harmless and be responsible for any adverse final order on such complaints which *may be* rendered against Landlord or Seller" (emphasis added). Read as a whole and with due regard to the factual context, interpretation of this provision to embrace obligations of the seller that have been discharged in bankruptcy strains logic and advances no perceptible commercial purpose of the debtor. It is apparent that this provision is intended to assign liability for matters remaining unresolved by DHCR after the parties entered into the contract and before transfer of title.

Motion denied as academic insofar as it seeks leave to appeal to the Court of Appeals, and reargument granted, and upon reargument this Court's unpublished decision and order entered on August 28, 1997 (Appeal No. 61204) recalled and vacated and a new decision and order substituted therefor, decided simultaneously herewith. Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.