■ Enzo Paoletti, Appellant, v John Karian, Respondent. [698 NYS2d 744] —Mercure, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered August 19, 1998 in Albany County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff and defendant own adjoining residential lots on Murray Avenue in the Town of Bethlehem, Albany County. Plaintiff commenced this action in July 1996 seeking damages for defendant's alleged encroachment upon his property. Liberally construed, the complaint alleges that, in connection with the construction of a residence on defendant's property, several large trees and bushes were removed in the area between the parties' homes, that a regrading operation conducted on defendant's property extended onto plaintiff's property, and that the regrading and placement of drain pipes on defendant's property have caused and continue to cause flooding on plaintiff's property. Following service of an answer asserting the defense of Statute of Limitations (among others), plaintiff moved for summary judgment on the issue of liability. Defendant cross-moved for summary judgment dismissing the complaint upon the grounds that plaintiff's claims were barred by the three-year Statute of Limitations of CPLR 214 (4), applicable to actions for damage to property, and that, in any event, all of the acts alleged to have been committed by defendant were committed, if at all, by his builder, Armex General Construction, Inc., an independent contractor. Supreme Court denied the motion, granted the cross motion and dismissed the complaint. Plaintiff appeals.

We affirm. Impliedly acknowledging their failure to oppose defendant's summary judgment motion with evidence tending to controvert defendant's claim that the regrading activity was completed prior to the end of 1992, more than three years prior to commencement of the action, plaintiff now presents documents obtained from the Town of Bethlehem which he asserts should be judicially noticed by this Court as "public records". Fundamentally, "appellate review is limited to the record made at nisi prius and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level" (*Broida v Bancroft*, 103 AD2d 88, 93; *see, Mars v Venture Realty Group*, 248 AD2d 101; *Campbell v Finke*, 187 AD2d 780). We believe that a few records created by the Town of Bethlehem in

connection with its consideration of drainage problems of a single residential lot hardly constitute "facts which are a part of the general knowledge of the country, and which are generally known and have been duly authenticated in repositories of facts open to all" and, thus, public records (*Hunter v New York, Ontario & W. R. R. Co.*, 116 NY 615, 621; *see, Tippetts-Abbett-McCarthy-Stratton v New York State Thruway Auth.*, 15 AD2d 598, 599; *see generally*, Prince, Richardson on Evidence §§ 2-203, 2-204, at 31-41 [Farrell 11th ed]; 1 Newman, New York Appellate Practice § 7.09 [6]).

As for those allegations of the complaint that may make out a claim for a continuing diversion of groundwater onto plaintiff's property through drainage pipes, we agree with Supreme Court's conclusion that defendant made a competent and wholly uncontroverted showing that the culpable party, if any, was defendant's builder, an independent contractor, absent any direction or control on defendant's part (*see, Allen v Vuley*, 223 AD2d 868, 869). Plaintiff's additional contentions have been considered and found to be unavailing.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.